JACOB LEDERER, INC., PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5731.   Promulgated March 26, 1927.

Forgiveness of indebtedness for salary from a corporation to its officers, who were also its principal stockholders, not sufficiently established to justify its inclusion in corporate surplus as invested capital.

*Hugh W. McCulloch, Esq.*, for the petitioner.
*A. H. Fast, Esq.*, for the respondent.

This proceeding involves a deficiency of $2,391.76 for the year 1920, arising from the action of the respondent in eliminating from invested capital certain amounts owed by petitioner to its officers and stockholders who are alleged to have forgiven and canceled the indebtedness.

FINDINGS OF FACT.

The petitioner is an Illinois corporation, with its principal office in Chicago, engaged in the business of buying and selling store and office furniture and fixtures for cash and on the installment plan. Its stockholders were Jacob Lederer, Frances Lederer, and Arnold M.

Lederer, who owned 51 shares, 48 shares, and 1 share, respectively. Jacob Lederer and Frances Lederer were husband and wife, and Arnold Lederer was their son.

Jacob Lederer was president of the petitioner and Frances Lederer was vice president. Their authorized salaries were $15,000 and $8,000 a year, respectively. They drew only a small portion of this, Jacob Lederer receiving in cash $50 a week, and Frances Lederer $25 to $35 a week. The balance of their salaries was accrued on the books. At December 31, 1919, the amount so accrued to the credit of Jacob Lederer was $30,758.47, and the amount accrued to the credit of Frances Lederer was $18,519.62.

There are recorded in the ledger of the petitioner entries purporting to have been made on November 30, 1920, as of January 1, 1920, balancing these credits. The accounts were ruled off and immediately below the rulings under date of January 1, 1921, the same amounts appear as credits on these accounts.

OPINION.

STERNHAGEN: The petitioner contends that the amounts of the authorized but undrawn salaries of its two principal stockholders which were shown as credits upon their individual accounts at the end of 1919 were properly within the corporation's invested capital for 1920, because some time in 1919 the individuals had in effect turned the amount back to the corporation by forgiving the indebtedness and thus eliminating the accounts payable. The evidence is, however, not sufficient to support the contention. The only witness was the son of the two stockholders in question, who was also secretary of the corporation. He testified that his parents had told him to tell the bookkeeper to make entries charging their accounts with the amounts of their accrued salaries and " turn them to surplus." Nothing, however, was done until, on November 30, 1920, an entry was made in each of the individual accounts balancing the account as of January 1, 1920. The amount of each such balance was carried into a credit entry of January 1, 1921, below the ruling of the account.

This evidence, in our opinion, is not sufficient to establish that the amounts in question were during the year 1920 a part of the corporation's surplus. The petitioner urges that the failure of the bookkeeper to make the correct entry on or before January 1, 1920, should not preclude its correct treatment in accordance with the fact of forgiveness of the indebtedness. But the evidence is confusing as to the fact of forgiveness. If the books are not reliable as to the dates of the entry, as petitioner contends, they are likewise not reliable as reflecting the forgiveness at all; and if we put aside the

books we have nothing left but the statement of the son that his parents instructed the entry to be made. It is quite true that in a close corporation such as this the evidence of corporate action may not always be clearly made or nicely preserved, but the establishment of the forgiveness of an indebtedness requires some clear and direct evidence and not the mere expression of a vague intent by the creditors to a third person. The Commissioner is sustained. *The Parisian*, 2 B. T. A. 415.

> *Judgment will be entered on 15 days' notice, under Rule 50.*